IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION - CANTON

| | |
|---|---|
| **In re** | Case No. 18-62003 |
| **Maria B Pry** | Chapter 7 |
| **Debtor** | Judge: RUSS KENDIG |
| | **MOTION OF U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR SPECIALTY UNDERWRITING AND RESIDENTIAL FINANCE TRUST MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-BC4 FOR RELIEF FROM STAY AND ABANDONMENT/ 1136 Reservoir Ave., Monessen, PA 15062** |

U.S. Bank National Association, as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates, Series 2006-BC4, (the "Movant") moves this Court, under Bankruptcy Code §§ 361, 362 and 363 and other sections of Title 11 of the United States Code, and under Federal Rules of Bankruptcy Procedure 4001 and 6007 and under Local Bankruptcy Rule 4001-01 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362, and for abandonment of property under Bankruptcy Code § 554.

### MEMORANDUM IN SUPPORT

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. On May 26, 2006, the Debtor, aka Maria Hollis, obtained a loan from Wilmington Finance, Inc., in the amount of $56,525.00. Such loan was evidenced by a Note dated May 26, 2006, a copy of which is attached as Exhibit A. **On October 16, 2008, the Debtor, aka Maria Hollis, executed and entered into a Loan Modification Agreement with Wilshire Credit Corporation that capitalized the arrearage owed on the loan and lowered the interest rate**

**from what was set forth originally in the Note. Such Loan Modification Agreement is evidenced by the Loan Modification Agreement dated October 16, 2008, a copy of which is attached as Exhibit "B".**

  3. To secure payment of the Note and performance of the other terms contained in it, the Debtor, aka Maria Hollis, executed a Security Agreement in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Wilmington Finance, Inc. dated May 26, 2006 (the "Security Agreement"). The Security Agreement granted a lien on the real property located at 1136 Reservoir Ave., Monessen, PA 15062 owned by the Debtor (the "Collateral"). The Collateral is more fully described in the Security Agreement (check one):

   X attached as Exhibit **C**;

    OR

   __ contained in the Note, attached as Exhibit A.

  4. The lien created by the Security Agreement was duly perfected by:

   X Filing of the Security Agreement in the office of the Westmoreland County Recorder on June 8, 2006.

   __ Filing of the UCC-1 Financing Statement in the office of _____ on _____.

   __ Notation of the lien on the Certificate of Title.

   __ Other (state with particularity)_____.

A copy of the recorded Security Agreement, UCC-1 Financing Statement, Certificate of Title or other document, as applicable, is attached as Exhibit B. Based on Debtor's Schedule D, the lien is the 1st lien on the Collateral.

  5. The entity in possession of the original Note as of the date of this motion, is U.S. Bank National Association, as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates, Series 2006-BC4, 8950 Cypress Waters Blvd., Coppell, TX 75019.

  6. The entity servicing the loan is: Nationstar Mortgage LLC d/b/a Mr. Cooper, 8950 Cypress Waters Blvd., Coppell, TX 75019. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay, foreclose, approve short sale or execute a Deed in Lieu if necessary.

7. The Note was transferred, as evidenced by the following:

   a. If the collateral is real estate:

      i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender:

         __ N/A.

         OR

         __ By endorsement on the Note,

         payable to_____.

         OR

         __ By blank endorsement on the Note.

         OR

         __ By allonge attached to the Note,

         payable to_____.

         OR

         X   By blank allonge, attached to the Note. Movant is entitled to enforce the Note pursuant to O.R.C. § 1303.31 because it is in possession of the Note and therefore is the holder of the Note.

         OR

         __ The Note is not endorsed to the Movant, or is not endorsed in blank with an allegation that the Movant is in possession of the original Note. The factual and legal basis upon which the Movant is entitled to bring this motion is (explain with particularity and attach supporting documentation):

         _____
         _____.

         OR

         __ By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit <___>. Explain why it provides Movant the authority to endorse the Note:

         _____
         _____.

      ii. Under Uniform Commercial code § 3-203(a) as applicable under state law in effect where the property is located, from the <FIRST TRANSFEREE to <_____>[ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE MOVANT].

        iii.        A court has already determined that Movant has the ability toenforce the Note with judgment dated &lt;INSERT DATE OF JUDGMENT&gt; in the &lt;INSERT NAME OF COURT&gt;. A copy of the judgment is attached at Exhibit &lt;__&gt;.

        iv.        Other _____ [explain].

b. If the Collateral is not real estate (check one):

    X    N/A.

    OR

    __    From the original lender to &lt;FIRST TRANSFEREE&gt; by &lt;STATE METHOD OR DOCUMENT EFFECTING TRANSFER&gt; [ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE MOVANT.]

8. The Security Agreement was transferred as follows (check one):

    __    N/A.

    OR

    X    From the original lender, mortgagee, or mortgagee's nominee on March 13, 2018 to Movant. The transfer is evidenced by the document(s) attached to this Motion as Exhibit D.

9. The value of the Collateral is $19,000.00. This valuation is based on the Broker's Price Option dated October 9, 2017 of the entire parcel.

10. As of the date of this Motion, there is currently due and owing on the Note the outstanding principal balance of $39,187.59, plus interest accruing thereon at the rate of 8.52% per annum [$9.15 PER DAY] from April 1, 2017, as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

11. The amount due and owing on the Note as set forth in paragraph 10 DOES NOT include a credit for the sum held in a suspense account by the Movant. The amount of the credit is N/A.

12. Other parties known to have an interest in the Collateral besides the Debtor, the Movant, and the trustee are (check all that apply):

    X    N/A.

    __    The &lt;COUNTY&gt; County Treasurer, for real estate taxes, in the amount of $&lt;AMOUNT&gt;.

    __    &lt;CO-OWNERS, IF APPLICABLE, STATE NAME&gt;.

    __    &lt;AND OTHER PARTY HOLDING A LIEN, IF APPLICABLE, IN THE AMOUNT OF $_____ [ADD ADDITIONAL PARTIES AS APPROPRIATE]&gt;.

13. The Movant is entitled to relief from the automatic stay under § 362(d) for these reason(s) (check all that apply):

__ Debtor has failed to provide adequate protection for the lien held by the Movant for these reasons:

__ Debtor has failed to keep the Collateral insured as required by the Security Agreement.

__ Debtor has failed to keep current the real estate taxes owed on the Collateral.

X Debtor has failed to make periodic payments to Movant for the months of May 2017 through October 2018 which unpaid payments are in the aggregate amount of $9,808.17 through October 4, 2018. The total provided in this paragraph cannot be relied upon as a reinstatement quotation.

X Debtor has no equity in the Collateral, because the Collateral is valued at $19,000.00, and including the Movant's lien, there are liens in an aggregate amount of $67,359.29 on the Collateral.

__ Other cause (set forth with specificity):_____

14. Movant has completed the worksheet attached as Exhibit "E".

15. Movant is entitled to an order directing the trustee to abandon the Collateral under 11 U.S.C. §554(b) for these reasons (check all that apply):

__ The Collateral is burdensome to the estate because _____.

__ The Collateral is of inconsequential value and benefit to the estate because upon liquidation of the Collateral no proceeds will remain for the benefit of the estate.

15. **This Motion conforms to the standard form adopted in this District except this Motion contains a request that the 14-day stay imposed under Federal Rules of Bankruptcy Procedure 4001(a)(3) be waived.**

#
#
#
#
#
#

WHEREFORE, Movant prays for an Order from the Court granting:

(a) granting Movant relief from the automatic stay of Bankruptcy Code § 362 to permit Movant to proceed under applicable nonbankruptcy law;

(b) authorizing and directing the Chapter 7 Trustee to abandon the Collateral under Bankruptcy Code § 554; and,

(c) that, notwithstanding the provisions of 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, **that the relief from stay not be stayed for 14 days, but shall become effective immediately**.

Respectfully submitted,

*/s/ Phyllis A. Ulrich*
Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A.
By: Phyllis A. Ulrich (0055291)
    Christopher P. Kennedy (0074648)
24755 Chagrin Blvd.,
Cleveland, OH 44122-5690
216-360-7200 Phone
(216) 360-7212 Facsimile
bankruptcy@carlisle-law.com
Attorneys for Movant:
U.S. Bank National Association, as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates, Series 2006-BC4

## CERTIFICATE OF SERVICE

I certify that on October 11, 2018, a true and correct copy of U.S. Bank National Association, as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates, Series 2006-BC4's Motion for Relief from Stay and Abandonment was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

 Russell James Long, on behalf of Maria B Pry, Debtor, at rlong9@gmail.com
 Anthony J. DeGirolamo, on behalf of the Chapter 7 Trustee's office at ajdlaw@sbcglobal.net
 Office of the United States Trustee, at (registered address)@usdoj.gov

And by regular U.S. Mail, postage paid, on:

 Maria B Pry, at 4691 Baker Road, Crestline, OH 44827

          ***/s/ Phyllis A. Ulrich***
          Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A.
          By: Phyllis A. Ulrich
            Christopher P. Kennedy